**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:25-mj-3040-NCC |
| ) | |
| **DANIELLE BERTOTHY,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

Defendant Danielle Bertothy, by and through her undersigned counsel, Justin Gelfand and the law firm Margulis, Gelfand, DiRuzzo & Lambson, respectfully opposes the Government's motion for detention and requests that this Court release her on bail subject to a combination of conditions of release that will reasonably assure her appearance at trial and the safety of the community or any other person. This Court has scheduled a detention hearing on January 22, 2025 at 11:30 a.m.

As a matter of law, the Bail Reform Act preserves the preference of release of the accused pending trial. *See United States v. Salerno*, 481 U.S. 739, 755 (1987). "Liberty is the norm," and detention prior to trial is "the carefully limited exception." *Id*. Bertothy is 36 years old, has no criminal history, and has known about this federal criminal investigation since ATF executed a search warrant of her house and did not arrest her that day. During the execution of the search warrant and at every moment since then, Bertothy has been entirely compliant with law enforcement, continued to reside at her home in the Eastern District of Missouri, and, through her legal counsel, maintained an open dialogue with both the U.S. Attorney's Office in the Eastern District of Missouri and the U.S. Attorney's Office in the District of Puerto Rico in connection

with this investigation. Despite a clear willingness to self-surrender in the event she was charged with a crime, ATF arrested Bertothy at her home and she complied with law enforcement precisely as directed.

The Government's motion for detention focuses entirely on the allegations against Bertothy and the evidence the Government contends it has against her. However, as this Court is aware, this detention hearing is neither the time nor the place to litigate the underlying merits of the case—and the defense will not take the bait to pre-litigate the factual allegations at this time. Rather, the sole question before this Court now is whether Bertothy is a risk of flight or a danger to the community.

As set out herein and as will be established at the hearing before this Court, Bertothy is neither a risk of flight nor a danger to the community. In stark contrast, she is a 36-year-old woman with no prior criminal history, a supportive family, and a history of stable employment. As such, while the pending allegations are unquestionably serious, the law mandates pretrial release pending trial.

**I.    Procedural Background**

Bertothy is charged in a single-count indictment alleging arson on January 2, 2025 in violation of Title 18, United States Code, Section 844(i).

On January 7, 2025, federal agents executed a search warrant at Bertothy's house in this judicial district. During the execution of the search warrant, Bertothy was entirely compliant with law enforcement. Law enforcement completed the execution of the search warrant and left the residence without arresting Bertothy.

Between January 7, 2025 and the date of her arrest (January 16, 2025), Bertothy remained at her residence in the Eastern District of Missouri and maintained an open line of communication with federal agents and prosecutors through her legal counsel.

On January 16, 2025, Bertothy was arrested without incident, appeared before this Court for her initial appearance on January 17, 2025, and requested that this Court set this matter for a detention hearing the following week. Pursuant to the parties' request, this Court set this matter for a detention hearing on January 22, 2025 at 11:30 a.m.

## II.     Applicable Law

Under the Bail Reform Act (hereinafter, the "Act"), "***liberty is the norm***, ***and detention*** prior to trial or without trial ***is the carefully limited exception***." *Salerno*, 481 U.S. at 755 (emphasis added). As the United States Court of Appeals for the Eighth Circuit has held,

> The passage of the pretrial detention provision of the 1984 Act did not…signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial. Rather, Congress was demonstrating its concern about "a small but identifiable group of particularly dangerous defendants as to whom neither the imposton [sic] of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons."

*United States v. Orta*, 760 F.2d 887, 890 (8th Cir. 1985) (quoting S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, *reprinted in* 1984 Code Cong. & Ad. News at 3189).

Consistent with the plain language of the statute and with the intent of Congress, the Act encourages release of the accused pending trial so long as some condition or combination of conditions can reasonably assure the appearance of the accused at trial and the safety of the community or any other person. *Id.* at 890-91. "The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *Id.* at 891. Moreover, "[d]oubts regarding the propriety of release are to be resolved in favor of defendants." *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

3

Bertothy acknowledges that this is a case in which there is a rebuttable presumption of detention. However, "[i]n a presumption case such as this, a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence [s]he does not pose a danger to the community or a risk of flight." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "Once a defendant has met [her] burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Mercedes*, 254 F.3d at 436.

"Even in a presumption case," the prosecution "retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community" and by "a preponderance of the evidence that the defendant presents a risk of flight." *Id*. at 436 (internal citations omitted).

### III. Bertothy Does Not Pose a Danger to Any Other Person or the Community and This Court Can Impose a Condition or a Combination of Conditions to Reasonably Assure This

Bertothy is 36 years old, has no prior criminal convictions, has deep ties to the Eastern District of Missouri where she was arrested at her home, and has a history of stable employment. When law enforcement first made contact with her in connection with this case when executing a search warrant at her residence, Bertothy was fully compliant with law enforcement directives, remained cooperative, and maintained an open line of communication with law enforcement and the prosecution through her legal counsel. Law enforcement did not arrest her on the day of the search warrant—or the entire week after that—clearly underscoring that they did not actually consider her a risk of flight or a danger to the community.

4

In its motion, the Government states that Bertothy "does not have convictions for prior acts of violence." (*See* Doc. 6 at 14). But the fact of the matter is, Bertothy does not have any prior convictions at all. Indeed, until the case that is currently pending before this Court, she has never so much as been arrested—and would not have even been arrested in this case if the Government simply gave her the opportunity to self-surrender instead of executing an unnecessary arrest coupled with a press release publicizing her "arrest." Nevertheless, the Government curiously argues that Bertothy's lack of any criminal history somehow "makes her more of—not less of—a danger to the community." (*Id*.). Not so. The fact that Bertothy at 36 years old has never been arrested or convicted of a crime underscores not that she is more of or less of a danger to the community; it reflects that she is not a danger to the community and that this Court can impose conditions of release in lieu of pretrial detention.

It was clear to the Government that, in the event she was charged with a crime, Bertothy was willing to self-surrender and to obviate the need for law enforcement to execute her arrest—but law enforcement opted to arrest her anyway and to publish in a press release that same day, "Missouri Woman Arrested and Indicted for Arson." To be clear, the circumstances of Bertothy's arrest are what one would expect for somebody like her with no criminal history: law enforcement knocked on the door of her house where they executed a search warrant *more than one week earlier* and she complied with their requests. Thus, even in the absence of any conditions imposed by this Court and prior to any charge being brought against her, Bertothy has demonstrated an unfettered willingness to submit to law enforcement directives.

Against this backdrop and as with any person charged with a crime in this country, Bertothy is by law presumed to be innocent of the pending charge. Indeed, while arson is an unquestionably serious crime, the question of pretrial detention is not a time for the parties to pre-litigate the

5

substantive case; it is a time for the parties to litigate whether this person is a risk of flight or a danger to the community—no more and no less. To that end, the Government would be hard-pressed to identify how conditions of release set by this Court would not protect the community from criminal conduct or ensure Bertothy will appear in court in Puerto Rico as directed. And as to what the Government contends is the "weight of the evidence against the defendant," the Government has to date not disclosed a single page of discovery to the defense.

To that end, this Court's standard conditions of release are sufficient—but, to be clear, Bertothy would willingly submit to any conditions of release that this Court sees fit, underscoring that detention should remain the "carefully limited exception" that should not apply in this case. *See Salerno*, 481 U.S. at 755. Bertothy has respectfully submitted a proposed home plan to this Court's Office of Pretrial Services which would enable Bertothy to reside with a close family member (who has no criminal history), and if necessary, that close family member is willing to serve as a third-party custodian. To the extent this Court deems it necessary, this Court could impose electronic monitoring as a condition of release.

### IV. Bertothy Does Not Pose a Risk of Flight and This Court Can Impose a Condition or a Combination of Conditions to Reasonably Assure This

This Court should readily conclude that Bertothy poses no risk of flight. Bertothy has known about this criminal investigation since the execution of the search warrant at her house. And this is no surprise to the Government. Federal agents left without taking her into custody and she remained in this judicial district residing at her home. To state the obvious, Bertothy did not flee the country. In stark contrast, she remained with her mother in this judicial district and, through her legal counsel, she maintained an open line of communication with the Government.

Moreover, Bertothy has deep roots in this country—further underscoring that she poses no risk of flight. She was born and raised in Connecticut, where she proposes she be permitted to

6

reside during the pendency of this case. While the Government asks this Court to conclude Bertothy is somehow a flight risk because she allegedly flew home to Missouri from Puerto Rico, this Court should instead focus on the real question: from the moment she was aware of a criminal investigation when federal agents executed a search warrant at her home, did she flee? No. In stark contrast, she remained at home, retained legal counsel, and maintained an open dialogue through her legal counsel with federal investigators and federal prosecutors.

Furthermore, the Bail Reform Act requires that a court should "bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225 at 7, as reprinted in 1984 U.S.C.CA.N. 3182, 3189). One charged with a crime is, after all, presumed innocent. *See Stack v. Boyle*, 342 U.S. 1, 4 (1951). A single individual unnecessarily detained before trial is one individual too many, and the increasing use of the practice places tremendous wear on our constitutional system. *See United States v. Montalvo-Murillo*, 495 U.S. 711, 723–24 (1990) (Stevens, J., dissenting, joined by Brennan, J. and Marshall, J). Due to these fundamental interests involved, it naturally follows that a "case-by-case" approach is required at any stage of the case in assessing the propriety of pretrial detention. *See United States v. Gonzales Claudio*, 806 F.2d 334, 340 (2d Cir. 1986) (discussing due process analysis for evaluating propriety of prolonged pretrial detention, and the interests at stake) (citations omitted).

Throughout her adult life, Bertothy has maintained consistent and legitimate employment—only recently losing her job as an account manager at HLK as a result of the negative publicity that arose on social media in connection with these allegations. Indeed, to the extent necessary, this Court can impose a financial component that would only further secure Bertothy's compliance with her conditions of release in this case. If released pursuant to her

7

proposed home plan, Bertothy would reside in a stable home environment with close family members. The people with whom she would reside are law-abiding and have stable, legitimate employment. If necessary, her close family member has agreed to serve as a third-party custodian to further ensure her compliance with this Court's conditions of release and to assure she appears in court as required in this case.

V. **Conditions of Release**

Defendants before this Court—including individuals charged with crimes of violence—frequently are released on their own recognizance pursuant to a set of conditions of release tailored to their cases.

In this case, Bertothy has proposed a home plan that would enable her to reside with a close family member in a stable home environment where she would not have access to any weapons or contraband. That, coupled with a signature bond and release on her own recognizance, should be sufficient to assure her appearance at future court hearings and to protect the community.

However, to the extent necessary, this Court can impose any combination of the following conditions in this case (or any others this Court deems appropriate):

- Electronic Monitoring
- A bond secured or unsecured with financial ramifications
- Requiring her close family member to serve as a third-party custodian while Bertothy is subject to the Court's conditions of release

Ultimately, the bottom line remains: pretrial detention is unnecessary in this case and there are conditions of release that will reasonably assure both her appearance at trial and the safety of the community.

**VI.     Conclusion**

Under these circumstances, and as will be further established at the hearing before this Court, Bertothy should be released on bail with a combination of conditions that will reasonably assure her appearance at trial and the safety of the community or any other person.

This case falls squarely within "the norm," where "liberty" pending trial is appropriate. *Salerno*, 481 U.S. at 755.

Respectfully submitted,

**Margulis, Gelfand, DiRuzzo & Lambson**

/s/ *Justin K. Gelfand*
Justin K. Gelfand
7700 Bonhomme Avenue
Suite 750
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Bertothy*

**Certificate of Service**

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney.

        /s/ *Justin K. Gelfand*
        Justin K. Gelfand
        7700 Bonhomme Avenue
        Suite 750
        St. Louis, MO 63105
        Telephone: 314.390.0234
        Facsimile: 314.485.2264
        justin@margulisgelfand.com
        *Counsel for Bertothy*